IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CASSIOPEIA IP LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**LENBROOK AMERICA CORP.,**<br><br>Defendants. | CASE NO.<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes, Plaintiff Cassiopeia IP LLC ("Plaintiff" or "Cassiopeia"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Lenbrook America Corp. (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No. 7,322,046 ("the '046 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2.     Plaintiff is a Texas limited liability company with its principal place of business at 6009 West Parker Road – Suite 149-1038, Plano, Texas 75093-8121.

3.      Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business 6 Merchant St., Sharon, Massachusetts 02067-1629. Upon information and belief, Defendant may be served with process c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, DE 19801.

4.      Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website https://www.lenbrookamericas.com/nad-electronics, which is in the business of providing consumer electronics using secure network services.  Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, its Internet website located at www.bang-olufsen.com, and its incorporated and/or related systems  or products (collectively the "Lenbrook Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Lenbrook Website.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this judicial District; and (iii) being incorporated in this District.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its incorporation in this District.

## FACTUAL ALLEGATIONS

10.      On January 22, 2008, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '046 Patent, entitled "METHOD AND SYSTEM FOR THE SECURE USE OF A NETWORK SERVICE" after a full and fair examination. The '046 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11.      Plaintiff is presently the owner of the '046 Patent, having received all right, title and interest in and to the '046 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '046 Patent, including the exclusive right to recover for past infringement.

12.      To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

### COUNT 1: INFRINGEMENT OF THE '046 PATENT

13.      Plaintiff incorporates the above paragraphs herein by reference.

14.      **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '046 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products," including NAD D

3

7050 Direct Digital Network Amplifier) that infringe at least the exemplary claims of the '046 Patent also identified in the charts incorporated into this Count below (the "Exemplary '046 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '046 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

15.    Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '046 Patent Claims, by having its employees internally test and use these Exemplary Defendant Products.

16.    The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

17.    Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '046 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '046 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '046 Patent.

18.    **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '046 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '046 Patent.

19.    **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '046 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of

the '046 Patent. Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial noninfringing use.

20.    Exhibit B includes charts comparing the Exemplary '046 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '046 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '046 Patent Claims.

21.    Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit B.

22.    Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

23.    Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.    That Defendant be adjudged to have directly infringed the '046 Patent either literally or under the doctrine of equivalents;

b.    An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c.    That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '046 Patent;

d.    An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for

the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e.   An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f.   That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g.   That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: September 28, 2022                    Respectfully submitted,

By: */s/ David W. deBruin*
David W. deBruin (DE # 4846)
**NAPOLI SHKOLNIK LLC**
919 North Market Street
Suite 1801
Wilmington DE  19801-3033
Tel: (302) 330-8025
DdeBruin@NapoliLaw.com

Jennifer Ishimoto
**BANIE & ISHIMOTO LLP**
*(Pro Hac Vice application forthcoming)*
2100 Geng Road
Suite 210
Palo Alto CA 94303
Tel: (408) 981-9472

*Counsel for Plaintiff*
*Cassiopeia IP LLC*